In re DIET DRUGS (PHENTERMINE/FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION.

**Gloria BALDWIN, Kim Christopher, Jeffrey Doris, Bert Eklund, John Lamacchia, Vincent Maddi, Joe Maira, Maria Maira, Angela Migliozzi, Kalikhia Miller, Wade Moss, Sharon Myers, Donna Oliva, Angelo Pastore, Rose Pearson,** ***Audrey Robinson ***, **William Saccone **, Dawn Serina *and Robert Serina, Individually And For Nicholas Serina,* Appellants.

* Amended per Court's Order dated 8/10/01.

** Dismissed per Clerk's Order dated 8/21/01.

*** Dismissed per Clerk's Order dated 2/7/02.

No. 01–2324.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 5, 2002.

Filed Feb. 26, 2002.

Before BECKER, Chief Judge, SCIRICA, and BARRY, Circuit Judges.

## MEMORANDUM OPINION OF THE COURT

BARRY, Circuit Judge.

This appeal arises from a multi-district litigation, in which appellants and others allege that the diet drug known as fen-phen caused various heart defects and ailments. The District Court, in declining to vacate the Decision and Recommendation of the Special Discovery Master, dismissed appellants' case as a sanction because of their counsel's longstanding failure to comply with a discovery order concerning expert reports. Represented by new counsel, appellants seek to have their case reinstated. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

The parties are familiar with the facts of the underlying dispute and we will, accordingly, discuss them only as necessary to resolve the issues presented. Suffice it to say, appellants have been the victim of some bad lawyering by their trial counsel, Ronald R. Benjamin. Indeed, Benjamin's discovery abuses can be summarized as a parade of obstinance that ultimately cost his clients their day in court. The origin of Benjamin's discovery mischief dates back to October 18, 1999, when case-specific expert designations were due. Benjamin failed to honor this deadline. Instead, he objected to the need for disclosure before the District Court ruled on a related Daubert motion, citing the cost of obtaining experts.

It is not necessary to burden this Opinion with a recounting of each and every subsequent instance of Benjamin's obstinance. In short, counsel had numerous

opportunities to comply with the District Court's longstanding discovery order, yet stubbornly clung to his argument that he should not have to designate experts. Neither multiple express rejections of this already-rejected argument, nor threats of dismissal, ameliorated counsel's defiance to the discovery schedule. Indeed, Benjamin did not relent even when the District Court precluded counsel from submitting case-specific expert reports as a sanction for similar discovery failures in response to a related motion to dismiss by another defendant. Moreover, the expert designations were still not forthcoming even after the District Court decided many of the Daubert issues on June 28, 2000.

On August 24, 2000, more than ten months after designations were due, the Special Discovery Master gave Benjamin yet another chance to do what he had, over many months, been ordered to do. Benjamin failed to seize this opportunity and the Special Master recommended dismissal as a sanction. The Special Master reasoned that every opportunity had been given to correct the errors and those opportunities had been ignored.

On May 2, 2001, the District Court heard oral argument on, among other things, the Special Master's recommendation. After again trotting out the theretofore unavailing Daubert argument, appellants' counsel suggested that a $500 fine would be an appropriate alternative sanction. The District Court disagreed because such a small monetary sanction would not "instill a sense of conformity to the Court's orders" in light of counsel's history of discovery failures and the amounts sought in damages. App. 398. Moreover, the District Court reasoned that there was prejudice to appellee's ability to prepare for trial, particularly in light of the impeding remand from the MDL proceedings, and that appellants sought spe-

cial treatment compared to all the other plaintiffs who played by the rules. Based on the foregoing, the District Court opted for dismissal and memorialized this conclusion in an order dated May 4, 2001.

We review the District Court's dismissal of appellants' action for an abuse of discretion, discretion which is to be exercised in light of the six Poulis factors. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984) (listing the following factors for consideration in dismissing a case for a discovery failure: (1) extent of the party's personal responsibility for delay; (2) prejudice to the adversary; (3) history of dilatoriness; (4) whether the party's or attorney's conduct was willful or in bad faith; (5) the effectiveness of other sanctions, which entails an analysis of such alternatives; and (6) the meritoriousness of the claim).

Appellants contend that the District Court abused its discretion because they had no knowledge of counsel's refusal to comply with orders of the Court, their claims had merit, the circumstances of this case were not extreme enough to justify dismissal, other sanctions would have sufficed, there was little to no prejudice to appellee, and the District Court failed to make sufficient findings of fact and law in support of dismissal. In addition, appellants claim that it was "fundamentally unfair" and a violation of due process that they were not notified of the possibility of dismissal.

█ To be sure, the Special Master and District Court did not engage in a full-blown written analysis of the Poulis factors. Moreover, appellants themselves appear to have been innocent of any wrongdoing, and their claim arguably had merit. After carefully considering the record as a whole and all of appellants' arguments, we cannot, however, conclude that the District Court abused its discretion in refusing to

vacate the Decision and Recommendation of the Special Master that appellants' case be dismissed.

Contrary to appellants' contention, the Special Master and District Court did make findings, throughout the record, of discovery abuses. As discussed, the record reflects a long history of deliberate and unjustified delay by Mr. Benjamin in designating an expert witness, and it is apparent that the Special Master and District Court considered this course of conduct. Moreover, as the District Court observed, there was significant prejudice caused to appellee, who was stymied in its ability to get its own expert report, and potentially to the MDL proceedings as a whole by counsel's conduct. In the context of a mass tort MDL case, the delay occasioned by counsel's conduct is particularly pernicious because of the complex problems presented on the issue of causation and the need for the efficient and uniform resolution of discovery matters. As the District Court found, in order to manage discovery in such a proceeding, it is necessary to ensure obedience to discovery orders, particularly in light of the fact that other plaintiffs might perceive an opportunity to flout the discovery schedule if appellants received preferential treatment. For this reason, coupled with the prejudice caused to appellee, the District Court considered and rejected the possibility of an alternative monetary sanction. It is also apparent from the record before the District Court that not even threats of dismissal and the preclusion of expert reports were sufficient to deter Mr. Benjamin. As such, the District Court did not abuse its discretion in dismissing the action.

■ Finally, we turn to appellants' due process claim. Neither Fed.R.Civ.P. 37, the case law, nor the Due Process Clause requires a district court to notify clients that the conduct of a recalcitrant attorney is about to result in dismissal, and appellants cite no authority stating such a proposition. For better or worse, in such circumstances, our system deems notice to counsel as notice to the client for the purposes of due process. Appellants' recourse, although assuredly not a substitute for having their claim heard on the merits, is elsewhere.

For all of the foregoing reasons, we will affirm the order of the District Court.